UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KURT WASHINGTON,

    Petitioner,

v.

RONALD RACKLEY,

    Respondent.

No. 2:14-cv-2620-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner proceeding without counsel in an action brought under 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the several grounds. ECF No. 10. As discussed below, the court lacks jurisdiction over the petition and it must be dismissed.

**I.    Background**

    Petitioner is serving an indeterminate life sentence in California prison. ECF No. 1 at 1; ECF No. 10-2 at 8. He challenges a prison disciplinary determination that he had committed gang activity and the attendant forfeiture of 30-days' good-time credit assessed against him. ECF No. 1 at 4; ECF No. 10-2 at 30. The parties do not dispute that petitioner's "minimum eligible parole date" ("MEPD") under California law had passed at the time the discipline was imposed. ECF No. 10-2 at 2; ECF No. 15.

/////

/////

1

## II. The Motion to Dismiss

Respondent argues, among other things, that this case lies outside of the court's power to issue a writ of habeas corpus. Because that petition must be dismissed on this ground alone, the court need not address respondent's additional arguments.

In *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015) and *Blair v. Martel*, 645 F.3d 1151 (9th Cir. 2011), the Ninth Circuit concluded that federal courts have jurisdiction to issue writs of habeas corpus only in those cases where the petitioner's success would mandate termination of his custody, acceleration of his future date of release from custody, or a reduction in the level of his custody, relying on language in the U.S. Supreme Court's opinion in *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289 (2011). Success on the petition here would accomplish none of these results. Indeed, one petitioner in *Nettles* was situated similarly to petitioner here in all relevant respects: he was assessed a 30-day forfeiture of credits as a result of the discipline he sought to challenge, he was serving an indeterminate life sentence, and his MEPD had passed at the time the credit-forfeiture was imposed. 788 F.3d at 995-97. The Court of Appeals concluded that the effect of expungement of the petitioner's disciplinary infraction on his release date was "too attenuated" to show that success in his petition would mandate his earlier release. *Id.* at 1003. The same reasoning applies here. As in *Nettles*, restoration of the lost credits would not impact petitioner's MEPD because it had passed at the time the forfeiture was assessed. *Id.* at 1003-04. And, as in *Nettles*, the disciplinary finding petitioner challenges is "merely one factor the parole board considers to determine whether" petitioner will be suitable for parole; it is not determinative. *Id.* at 1003. Petitioner has provided the court with no reasoned basis for differentiating this case from *Nettles*, and the court is accordingly bound to apply that case here.

## III. Conclusion and Recommendation

Because this case falls outside the reach of the federal habeas corpus statute as interpreted by the Ninth Circuit in *Nettles v. Grounds*, the undersigned recommends that the petition be dismissed.[1]

---

[1] Petitioner asks the court to allow him to "amend his petition to a § 1983 action." Because § 1983 plaintiffs must pay a different (and considerably larger) filing fee to initiate suit,

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  Failure to file
7 objections within the specified time may waive the right to appeal the District Court's order.
8 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
9 1991).  In his objections petitioner may address whether a certificate of appealability should issue
10 in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section
11 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a
12 final order adverse to the applicant).

13 DATED:  January 12, 2016.

  EDMUND F. BRENNAN
  UNITED STATES MAGISTRATE JUDGE

---

it is recommended that this action be dismissed.  If petitioner wishes to pursue the claims he
raises here in a civil rights case, he may file a new case as such.